Taylor, J.
As Judge Haywood declines giving an opinion in this case, I will state the impression made upon my mind by the present view of the circumstances. I desire it, however, to be understood that if the plaintiff’s counsel entertains a serious expectation of being able to make more of the case by another discussion. I will not pronounce judgment at this term.
This action is founded upon the express promise made by the defendant, an attorney, that if the plaintiff should be nonsuit or cast in his action, he would reimburse him all the costs. Were this an action on the case against the defendant for mismanagement of the cause or neglect of duty, it would be unnecessary to state any other consideration, than that of his undertaking the conduct of the suit. Every attorney receives the trust, accompanied with responsibility to his client for any loss occasioned by his improper conduct. In such a case it might be necessary to examine how far he is liable where the loss arises rather from an error in judgment *63 than from neglect or positive misconduct, and likewise to ascertain under which of these two descriptions the defendant’s conduct ought to be classed. But in this case, all such enquiries are useless; because if the defendant is liable at all, he is so by virtue of his express promise, which would charge him without regard to the means by which the suit was lost. As a consideration is indispensably necessary to support every assumpsit, it must be ascertained whether any exists in the present case. It is not pretended that the plaintiff paid any thing at the time of the promise, or that he forewent any advantage or benefit, which he might otherwise have had; the only consideration that can possibly be set up is that he employed the defendant as an attorney, and in that character reposed confidence in him. This is certainly true: but can that confideration be connected with this promise? I apprehend not, because it was perfectly past and executed. All the indemnity legally resulting from such misplaced confidence, the plaintiff may enforce in another form of action, but to prevail in this, it ought to be shewn that the undertaking of the defendant was in consideration of the plaintiff’s employing him. Thus if a man, in consideration that another has built him a house, or has paid money on his account, promise to do any other thing, or pay so much money, these have been held insufficient considerations to maintain an assumpsit, as being perfectly past. So where a master had promised to two men, in consideration that they had bailed his servant out of prison, that he would save *64 them harmless, it was held this did not bind him; because they had no prejudice, nor he benefit, by this promise. It is true that an assumpsit will lie in some cases, although the consideration is past, if there was a duty before; but in all of them the duty is co-extensive with the promise. In this case the duty extended no further than a careful, diligent and, possibly, a skilful management of the suit: it did not go the length of making compensation to the plaintiff; if he failed in his suit, at all events, or under any possible circumstances. This promise seems to me, to have been altogether without prejudice to the plaintiff, or benefit to the defendant: the former would have been precisely in the same situation, if the promise had never been made: the latter received no new confidence or reward for making it. It appears to me to come completely within the legal idea of a nudum pactum.
Upon the paintiff's counsel expressing a desire to consider further of the case.
Judgment was postponed.
*** Judgment was afterwards given for the defendant, by the Court of Conference.